UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luis Amaya,<br>Individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>         -v-<br><br>Talon Air Inc., and<br>Adam Katz,<br><br><br>                              Defendants, | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Luis Amaya, ("plaintiff," or "Amaya") on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of defendants Talon Air Inc., and Adam Katz, (collectively "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former hourly employees including linemen, helpers, cleaners etc., who worked for the defendants, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid overtime wages from defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff on behalf of himself and a class of other similarly situated current and former hourly employees including linemen, helpers, cleaners etc. who worked for the defendants, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from defendants, individually and/or jointly, for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

1

3. Plaintiff further complains under pursuant to the Fed. R. Civ. Proc. 23, on behalf of himself and a class of other similarly-situated current and former employees who were employed by defendants as manual workers including linemen, helpers, cleaners etc., within the six-year period preceding the filing of this action to the date of disposition of this action, that he and they: 1) were employed by defendants within the State of New York as manual workers; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting defendants from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

7. Plaintiff Luis Amaya ("plaintiff" or "Amaya") is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

8. Upon information and belief, defendant Talon Air Inc. ('Talon Air") was a foreign for-profit corporation, incorporated in the State of Delaware and duly authorized to do business in the

State of New York.

9. Upon information and belief and at all times relevant herein, the corporate defendant was owned/controlled/managed by defendant Adam Katz ("Katz"), who was in charge of the operations and management of Talon Air.

10. Upon information and belief and at all times relevant herein, the corporate defendant Talon Air Inc. was owned/controlled/managed by defendant Katz and was his alter ego, and it was defendant Katz who controlled the employment of plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to plaintiff's employment, among other employment functions.

11. Upon information and belief, defendants Talon Air Inc., and Adam Katz shared places of business at 7110 Republic Airport, Route 109, Farmingdale, NY 11735 and 8300 Republic Airport, Suite 200, Farmingdale, NY 11735, where plaintiff was employed.

12. At all times relevant herein, plaintiff was employed individually and/or jointly by defendants.

13. "Plaintiff" as used in this complaint refers to the named plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "plaintiff" refers to the named plaintiff as well as those similarly situated as putative class members as further defined below.

14. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## **STATEMENT OF FACTS**

15. Upon information and belief, and at all relevant times herein, defendants were in the business of providing charter flights, and aircraft management and maintenance. See http://www.talonairjets.com/

16. Plaintiff Amaya has been employed by defendants, individually, and/or jointly, as a full-time employee from October 2013 to present.

3

17. At all times relevant herein, plaintiff was paid at a regular rate of $15.53 an hour.

18. At all times relevant herein plaintiff has been an hourly employee of defendants – plaintiff performs manual and physical work, including cleaning and washing the aircrafts.

19. At all times relevant herein and from the period of plaintiff's employment to date, plaintiff has been paid at his straight regular rate for all hours worked in each week, including his overtime hours.

20. At all times relevant herein, from October 2013 to December 2014, plaintiff worked about 48-50 hours a week for defendants and likely more, 5-6 days a week.

21. A more precise statement of the hours and wages will be made when plaintiff Amaya obtains the wage and time records defendants were required to keep under the FLSA and NYLL. Accurate copies of plaintiff's wage and time records that defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

22. At all times relevant herein, the wages plaintiff received for overtime hours were paid to plaintiff at the same straight regular rate defendants paid for non-overtime hours.

23. At all times relevant herein and for the time plaintiff was employed by defendants, defendants failed and willfully failed to pay plaintiff at an overtime rate of at least 1.5 times his regular rate for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

24. At all times relevant herein, defendants failed and willfully failed to pay plaintiff and the putative class members, overtime at rates of at least 1.5 times their regular rate for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

25. Upon information and belief and at all times relevant herein, defendants had annual revenues and/or expenditures in excess of $500,000. Plaintiff references and incorporates herein, accurate copies of records of defendants' business volume and revenues as well as business operations and commerce that defendants were required to keep and maintain under the

FLSA including under 29 CFR 516.

26. Upon information and belief and at all times relevant herein, defendants conducted business with vendors and other businesses outside the state of New York.

27. Upon information and belief, and at all times relevant herein, defendants conducted business with insurance companies within and outside the state of New York.

28. At all times applicable herein and upon information and belief, defendants utilized the goods, materials, and services through interstate commerce such as equipment, materials and supplies necessary for the functioning/management of their business.

29. Upon information and belief and at all times relevant herein, defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

30. Upon information and belief and at all times relevant herein, defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

31. At all times applicable herein and upon information and belief, defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

32. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

33. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

34. Upon information and belief and at all times applicable herein, defendants did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

35. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

36. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. The named plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

38. The FLSA cause of action is brought as a collective action on behalf of the named plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

39. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees including linemen, cleaners, helpers etc. of defendants, who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

40. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendants, upon information and belief, there are over 50 members of the class during the class period.

41. The class definition will be refined as is necessary, including after discovery if necessary.

42. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed

6

by defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

43. Upon information and belief, and at all times relevant to this action, plaintiff and all those similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

44. Upon information and belief and at all times relevant herein, defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

45. **At all times relevant herein, defendants failed and willfully failed to pay Plaintiff, and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207**.

## Relief Demanded

46. Due to defendants' FLSA overtime violations, plaintiff and all those similarly similarly-situated, are entitled to recover from defendants, individually and/or jointly, their unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

47. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

48. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

49. The class of similarly situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of defendants, and who: 1) were employed

by defendants within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

50. The class definition will be refined as is necessary, including after discovery if necessary.

51. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendants, upon information and belief, there are over 50 members of the class during the class period.

52. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

53. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

54. Upon information and belief, the claims of the representative party are typical of the claims of the class.

55. The representative party will fairly and adequately protect the interests of the class.

56. The defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

57. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, defendants failed and/or refused to pay the plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

59. At all times relevant to this action, plaintiff and all those similarly situated as class members, were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

60. **At all times relevant herein, defendants failed to pay and willfully failed to pay plaintiff and all those similarly situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

61. Due to defendants' NYLL overtime violations, plaintiff, and all those similarly-situated, are entitled to recover from defendants, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 191, 198 - Untimely Wage Payments)

62. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates each and every allegation contained in paragraphs 1 through 61 above with the same force and effect as if fully set forth at length herein.

## CLASS ALLEGATIONS

63. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

64. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the defendants as manual workers including linemen, cleaners, helpers, etc., in the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

65. The class definition will be refined as is necessary, including after discovery if necessary.

66. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendants, upon information and belief, there are over 50 members of the class during the class period.

67. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

68. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

69. Upon information and belief, the claims of the representative party are typical of the claims of the class.

70. The representative party will fairly and adequately protect the interests of the class.

71. The defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

72. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b) Whether, defendants failed and/or refused to pay the plaintiff and the putative class members their wages weekly, as required by NYLL 191 (1)(a).

73. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

74. At all times relevant to this action, plaintiff and all those similarly-situated as class members, were employed by defendants within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 191 (1)(a) and the regulations thereunder.

75. At all times relevant herein, defendants failed to pay and willfully failed to pay plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191 (1)(a).

### Relief Demanded

76. Due to defendants' NYLL 190 et Seq. violations, plaintiff, and all those similarly-situated, are entitled to recover from defendants, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

77. Declare defendants, individually and/or jointly, (including their overtime and wage payment policy and practice as well as their wage deduction policy and practice), to be in violation of the rights of plaintiff and putative class members under the Fair Labor Standards Act, the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

and enjoin defendants from continuing such violations.

78. As to the **First Cause of Action**, award plaintiff and the similarly-situated class members, their unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

79. As to the **Second Cause of Action,** award plaintiff and the similarly-situated class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

80. As to the **Third Cause of Action**, award plaintiff and the similarly-situated class members, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198.

81. Award plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

82. Award plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, NY
　　　　September 18, 2015

Respectfully submitted,

Abdul Hassan Law Group, PLLC

　/s/ Abdul K. Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427 Tel: 718-740-1000
Fax: 718-740-2000 E-mail: abdul@abdulhassan.com